IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GREGORY J. TURLEY, # N-080830,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 15-cv-027-NJR |
| ) | |
| **JENNIFER L. CLENDENIN,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He claims that Defendant Clendenin has retaliated against him after he filed grievances alleging that she interfered with his access to the prison law library and was unqualified for her job.

More specifically, Plaintiff claims that Defendant Clendenin worked in the law library in October 2011. He filed a grievance against her on October 6, 2011, in which he asserted that she was not qualified to serve as a paralegal assistant and that she had failed to conduct tours in the West Cellhouse to determine whether inmates on lockdown had upcoming court deadlines ("Exhibit A," found at Doc. 1, pp. 12-18).

Plaintiff knew that Defendant Clendenin was aware of his grievance against her, because she made hostile comments to him in reference to his "lies." On December 9, 2011, Plaintiff gave Defendant Clendenin a motion to be filed in this Court ("Exhibit B," Doc. 1, pp. 19-21) in which he requested an FBI investigation of some correctional officers who had recently assaulted him (Doc. 1, p. 6). He believes that Defendant Clendenin immediately "alerted" those officers

that he had filed the "inflammatory" motion in order to retaliate against him and to induce those officers to take action in retaliation.

The very next day, December 10, 2011, officers Todaro and Maue "attacked" Plaintiff, assaulting him and shaking down his cell. During the assault/shakedown, Todaro divulged his knowledge of the grievance by mentioning Plaintiff's request for the FBI investigation and stating that Plaintiff had misspelled his name (which Plaintiff had done). As a result of this incident, Plaintiff was placed in segregation.

Between March 13, 2012, and April 1, 2012, Defendant Clendenin allegedly further retaliated against Plaintiff by destroying numerous electronic case filing notices that had been transmitted to Plaintiff from this Court. Soon after this, Defendant Clendenin was removed from her position in the law library (Doc. 1, p. 7).

In addition to requesting nominal and punitive damages against Defendant Clendenin, Turley seeks an injunction against her to protect him from further retaliation. He states that Defendant Clendenin was reassigned back to a law library position in 2014. As recently as December 5 and December 12, 2014, she refused to issue Plaintiff a law library pass, even though she knew he had a court deadline (Doc. 1, p. 9).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that at this stage of the litigation, Plaintiff has articulated a colorable First Amendment retaliation claim against Defendant Clendenin.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Identifying the protected activity and the act(s) of retaliation is all that is necessary to state a claim of improper retaliation. *Id.* Plaintiff has done so in the instant case.

At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and whether the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleading stages of this case. Accordingly, Plaintiff's claim shall proceed for further review.

**Disposition**

The Clerk of Court shall prepare for Defendant **CLENDENIN**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**