IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GREGORY J. TURLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:15-cv-27-NJR-DGW |
| | ) | |
| JENNIFER L. CLENDENIN, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction and Order of Protection (Doc. 24) and Plaintiff's Second Motion for Preliminary Injunction and Order of Protection (Doc. 33).   For the reasons set forth below, it is **RECOMMENDED** that the Motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff Gregory J. Turley, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").   After an initial screening by the Court pursuant to 28 U.S.C. §1915A, Plaintiff was allowed to proceed on one claim against Defendant Jennifer L. Clendenin for retaliation in violation of Plaintiff's First Amendment rights.   More specifically, Plaintiff asserts that after filing a grievance on October 6,

2011 complaining about Defendant and her qualifications (or lack thereof) to be a paralegal assistant, as well as her failure to properly execute her duties, Defendant engaged in a series of retaliatory actions, including inducing correctional officers to assault Plaintiff and destroying electronic case filing notices transmitted from this Court to Plaintiff.

Following the filing of his complaint, Plaintiff filed a motion for preliminary injunction (Doc. 24) asking the Court to: (1) provide Plaintiff with an order of protection in regards to Defendant; (2) deny Defendant's access to Menard and reassign her to a different institution; (3) render Plaintiff eligible to file a new action against Correctional Officer Held; (4) enter an order instructing Defendant to provide the names of law library inmate clerks so he can identify the prisoners who have participated in a conspiracy to retaliate against him; and (5) order Defendant to put the name and register number of her inmate clerks on their shirts so they can be identified while handling Plaintiff's law library requests.

In support of his motion, Plaintiff recounts an incident that occurred on December 18, 2015 wherein Defendant allegedly refused to file motions and copy grievances Plaintiff sought to provide her, stating "I'm not dong shit for you Turley!! – You're the one who says I'm not qualified for my job, so don't ask me for any favors!" (Doc. 24, ¶ 7). Plaintiff also asserts that Defendant has conspired with Correctional Officer Held and some of her library inmate clerks to retaliate against him. Said retaliatory actions include placing Plaintiff in "dunce seating", intimidating and threatening Plaintiff, and tampering with Plaintiff's court filings. Plaintiff asserts that due to the retaliatory acts of Defendant he suffers from severe headaches, lower left jaw pain, anxiety, depression, irritable bowel syndrome ("IBS"), and constant fear. Along with his motion for preliminary injunction, Plaintiff submitted a number of grievances complaining

about the alleged retaliatory actions.

Defendant timely responded to Plaintiff's motion asserting that Plaintiff has failed to meet his burden for a preliminary injunction as he cannot show that he will suffer irreparable harm without preliminary relief and the balance of harms does not weigh in Plaintiff's favor (Doc. 28).

Following the filing of his motion for preliminary injunction, Plaintiff filed a supplemental motion to further advise the Court of planned retaliation by Menard personnel, particularly, Officer Held (Doc. 30).   Plaintiff recounts that on February 19, 2016, Officer Held assigned him a seat in the law library and Plaintiff saw Officer Held speaking with another inmate.   Later that evening, Plaintiff was informed that Officer Held was working to coordinate a shakedown of Plaintiff's cell in order to place Plaintiff in segregation.

Plaintiff subsequently filed a second motion for preliminary injunction and order of protection complaining about retaliation by Warden Kimberly Butler[1] and Defendant Clendenin (Doc. 33).   In this motion, Plaintiff complains about his transfer to a different cell house on March 14, 2016 where he was placed in a windowless cell and his out-of-cell time was "drastically reduced" and he is forced to choose between chapel, law library, and yard time on Wednesdays. Plaintiff asserts that his cell transfer was intentionally designed to inflict injury and punishment and his cell placement is causing his anxiety and depression to worsen.   Further, Plaintiff asserts that Defendant's actions have exacerbated his IBS and he suffers extreme bouts of vomiting prior to visiting the law library.

Defendant timely responded to Plaintiff's second motion for preliminary injunction (Doc.

---

[1]  Plaintiff indicates that Warden Kimberly Butler is a defendant in this action; however, the only defendant is Jennifer L. Clendenin.

35), arguing that Plaintiff's motion should be denied as Plaintiff failed to show the inadequacy of a legal remedy or irreparable injury and failed to establish that the relief he seeks would not harm the public interest or is compliant with the Prison Litigation Reform Act.   Plaintiff filed a timely reply to Defendant's response (Doc. 36) asserting that he has experienced further retaliation since filing his second motion for preliminary injunction and asserts that an "imminent" staged retaliatory attack "will more than likely take place against him."   In his reply, Plaintiff asserts that Defendant has not denied that she is retaliating against him and Plaintiff asks the Court to act to stop the harmful retaliation he is experiencing.   Plaintiff also asserts that he does not have an adequate remedy at law as he is housed under conditions of confinement that are causing him pain and suffering and exacerbating his physical and psychological medical conditions.

In his reply, Plaintiff recounts an incident on April 13, 2016 whereby he claims he submitted two grievances to Defendant to be copied while at the law library.  Defendant only provided Plaintiff a copy of one of his grievances and took additional copies of the grievances to Correctional Officer Konarcik to warn him of their contents.   Soon after, Officer Konarcik came to the law library and Plaintiff observed Defendant and another officer, Officer Scott, reading the grievances and conversing for approximately fifteen minutes.  Soon thereafter, when Plaintiff lined up to return to his cell house, Officer Konarcik began "ranting" to Plaintiff in a "very threatening, hostile manner" that was disrespectful and unprofessional.  Plaintiff asserts that Officer Konarcik was spurred by Defendant Clendenin who has a history of alerting her fellow employees when he takes action against them.   Plaintiff goes on to assert that he will continue to suffer irreparable harm if some action or injunction is not entered by the Court, noting that he suffers continuing injury and irreparable harm each time he is "verbally battered and assaulted, or

threatened, by a Menard employee." Plaintiff also points to an incident on April 14, 2016 wherein he alleges he was placed in a cell with a violent, mentally-ill prisoner who tried to assault him, but indicates he does not presently have a cellmate. Ultimately, Plaintiff asks that the Court hold an immediate hearing so that he can present the factual basis for his retaliation claim.

CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary

injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.   The movant's threshold burden, however, is to show the first three factors. *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

Importantly, the purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).   Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit.   A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants.   Here, Plaintiff asserts that actions taken by other individuals, including Warden Butler and Officer Hess were made at the direction of, or in conspiracy with, Defendant Clendenin in retaliation for his filing grievances and lawsuits.   While Plaintiff's allegations may be loosely related to his claim in this action, the Court finds that insofar as Plaintiff is seeking relief from parties not named in this lawsuit or seeking to add defendants to this lawsuit, Plaintiff's motions are improper.   Moreover, the Court notes that he has not presented competent evidence that Defendant Clendenin was involved in, or responsible for, many of the actions Plaintiff complains of, particularly his transfer to a different cell house.   Indeed, many of the allegations Plaintiff makes are based on pure speculation and a theory that Defendant is conspiring with multiple individuals to engage in the actions complained of.

Importantly, with regard to his allegations against Defendant Clendenin engaging in retaliatory conduct, said allegations in Plaintiff's motions fail to meet the threshold burden for a preliminary injunction.   First, the Court notes that Plaintiff has not made a sufficient showing that he will suffer imminent, irreparable harm absent preliminary injunctive relief.   *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot

be repaired, retrieved, put down again, atoned for.   The injury must be of a particular nature, so that compensation in money cannot atone for it." (quotation marks, internal editing marks, and citation omitted)).   In particular, Plaintiff's motions complain about instances in which he has been threatened or moved to a different cell house and indicates that such actions have caused him to experience physical ailments such as severe headaches, lower left jaw pain, anxiety, depression, IBS, and constant fear.   Although the Court recognizes that these medical conditions likely cause Plaintiff discomfort, they are not the type of ailments that may cause irreparable harm.   Moreover, Plaintiff has not provided any evidence to establish that any actions taken by Defendant are the cause of such ailments, relying instead on conclusory statements and conjecture to establish causation.   As a result, Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm to warrant a preliminary injunction.

Further, the actions Plaintiff complains of have an adequate remedy available at law. Particularly, Plaintiff's allegations in his motions for preliminary injunction are of the type that could potentially be brought in a Section 1983 lawsuit, particularly with regard to his complaints about the conditions of confinement in his hew cell house.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction and Order of Protection (Doc. 24) and Plaintiff's Second Motion for Preliminary Injunction and Order of Protection (Doc. 33) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The

failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 29, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**