IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-0027-NJR-DGW |
| | ) |
| JENNIFER L. CLENDENIN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 46), which recommends denial of Plaintiff's Motion for Preliminary Injunction and Order of Protection (Doc. 24) and denial of Plaintiff's Second Motion for Preliminary Injunction and Order of Protection (Doc. 33).

Plaintiff Gregory J. Turley, an inmate in the Illinois Department of Corrections, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff asserts that Defendant Jennifer L. Clendenin retaliated against him in violation of his First Amendment Rights. Specifically, Plaintiff asserts that, after filing a grievance on October 6, 2011 complaining about Defendant and her qualifications (or lack thereof) to be a paralegal assistant, as well as her failure to properly execute her duties, Defendant engaged in a series of retaliatory actions, including inducing correctional officers to assault Plaintiff and destroying electronic case filing notices transmitted from this Court to Plaintiff. Plaintiff asserts that, due to the retaliatory acts of Defendant, he suffers from severe headaches, lower left jaw pain, anxiety, depression, irritable bowel syndrome, and constant fear.

Plaintiff seeks preliminary injunctive relief asking the Court to: (1) provide Plaintiff with an order of protection with regard to Defendant; (2) deny Defendant's access to Menard and reassign her to a different institution; (3) render Plaintiff eligible to file a new action against Correctional Officer Held; (4) enter an order instructing Defendant to provide the names of law library inmate clerks so he can identify the prisoners who have participated in a conspiracy to retaliate against him; and (5) order Defendant to put the name and register number of her inmate clerks on their shirts so they can be identified while handling Plaintiff's law library request. Plaintiff also asks that the Court hold an immediate hearing so that he can present the factual basis for his retaliation claim.

Finding a hearing to be unnecessary, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 46). Objections to the Report and Recommendation were due on or before August 15, 2016. *See* 28 U.S.C. § 626(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR73.1(b). No objections were filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). A judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed Plaintiff's motion and Magistrate Judge Wilkerson's Report and Recommendation for clear error. Following this review, the Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Plaintiff has failed to sufficiently demonstrate that he will suffer imminent, irreparable harm absent preliminary injunctive relief. While the physical ailments Plaintiff suffers from are unpleasant, they are not of the type that causes irreparable harm. Further, the actions Plaintiff complains of have an adequate remedy available at law. As such, the Court finds no justification for the "extraordinary and drastic remedy" of injunctive relief.[1] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Accordingly, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 46) in its entirety, **DENIES** Plaintiff's Motion for Preliminary Injunction and Order of Protection (Doc. 24), and **DENIES** Plaintiff's Second Motion for Preliminary Injunction and Order of Protection (Doc. 33).

**IT IS SO ORDERED.**

**DATED:** August 30, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] As Magistrate Judge Wilkerson explained, to the extent Plaintiff is seeking relief from individuals not named in this lawsuit or seeking to add defendants to this lawsuit, Plaintiff's motions are improper (*See* Doc. 46, p. 6).