IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-CV-27-NJR-DGW |
| | ) |
| JENNIFER L. CLENDENIN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are two objections filed by Plaintiff Gregory J. Turley in response to two Orders entered by Magistrate Judge Wilkerson in Turley' action against Jennifer Clendenin. For the reasons set forth below, Turley's objection (Doc. 54) to the Order denying the motion objecting to his deposition (Doc. 52) is sustained, and his objection (Doc. 34) to the Order concerning his motion to compel (Doc. 31) is overruled.

## Standard of Review

When considering timely objections to pretrial matters not dispositive of a party's claim, the Court must modify or set aside any part of the order that is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a). Both objections lodged by Turley concern nondispositive pretrial issues, accordingly, Magistrate Judge Wilkerson's Orders are reviewed under the clearly erroneous or contrary to law standard of review.

## Discussion

I. **<u>Objection to Plaintiff's Deposition</u>**

On Friday, April 22, 2016, Defendant placed in the mail a required written notice for an upcoming deposition her counsel sought to take of Turley. Even though counsel sought to depose Turley the following Wednesday, counsel only allowed three days for the notice to be picked up, processed, delivered to the correctional facility, searched and cleared through security, sorted, and delivered to the relevant prisoner.[1] Despite this unnecessarily short window for delivery, Defendant made no attempt to call Turley to provide actual notice of the hearing.

At the time of the deposition, Turley clearly expressed his surprise by the deposition and indicated that he was not prepared to proceed. He objected, but agreed—subject to the objection—to participate. (Doc. 43-1, at p. 2). After the deposition, Turley filed a motion objecting to the deposition on the basis that he did not receive "any prior notice of said deposition…" in violation of the Federal Rules of Civil Procedure. (Doc. 38, at p. 2). Turley asserted at the deposition that it is common knowledge that the prison mail system is backed up three weeks and that without labeling the notice as "legal mail" it was not expedited through the three week backlog. Magistrate Judge Wilkerson rejected Turley's assertions, finding the notice to be adequate because Turley did not have to make travel arrangements and nevertheless, any error was harmless due to his apparent ability to cogently testify at the deposition. (Doc. 52, at pp. 2-3). Turley filed his timely objection on September 14, 2016. (Doc. 54).

---

[1] The Court takes judicial notice that the United States Postal Service does not operate on Sunday. Placing an item in the mail on a Friday only leaves Saturday, Monday, and Tuesday for notice to be delivered.

Turley asserts that the original deposition was improper because he did not receive notice and was therefore unable to prepare for his deposition. Federal Rule of Civil Procedure 30(b)(1) requires a party give "reasonable written notice" of a deposition before it may occur. The text of Rule 30(b)(1) does not provide a fixed number of days that notice must be given before the deposition, instead, the reasonableness of the notice turns on that case's specific circumstances. One day has been held to be reasonable notice. *Radio Corp. of Am. v. Rauland Corp.*, 21 F.R.D. 113 (N.D.Ill. 1957) (When both parties were abroad in the same city to take foreign depositions, serving notice one day prior to the deposition was not unreasonably short). On the other hand, two working days' notice has been held to be unreasonable. *Lloyd v. Cessna Aircraft Co.*, 430 F. Supp. 25 (E.D.Tenn. 1976) (Without a showing of special need to take depositions so rapidly, the notice was patently unreasonable).

In this case, there is no indication that the notice was actually delivered to the prison, much less that it was delivered to Turley prior to deposition. To the contrary, Turley's comments at the deposition appear to be that of genuine surprise to the presence of the attorney and the prospect of a deposition.[2] While the Court does not personally blame Defendant Clendenin for any backlog at the prison, the notification procedures utilized were facially unreasonable under the circumstances. Dropping an envelope in the mail[3] and assuming it will be delivered to a prisoner three days later is patently unreasonable. The notice requirement of Rule 31(b)(1) exists not only to provide

---

[2] Indeed, Defendant concedes that Turley did not receive notice of the deposition until the day it occurred. (Doc. 48, at p. 2) ("Unfortunately, the Plaintiff did not receive the notice until the day of the deposition although notice was sent.")

[3] There is no indication that the notice was sent as an "overnight delivery" or some other form of expedited mailing.

sufficient time to coordinate logistics, which typically is not a factor in prisoner cases, but it also allows for the party being deposed to review documents, conduct legal research when appropriate, and generally prepare for the deposition. Defendant eliminated any possibility that Turley could be prepared for the deposition by only allowing three days for the notice to reach him.

Additionally, Defendant's error was not harmless. While Magistrate Judge Wilkerson found only one instance where Turley indicated he was unprepared, a review of the deposition reveals at least six occasions where the lack of notice stifled Turley's ability to provide testimony. *See e.g.* (Doc. 43-1, p. 3)("If I knew you were coming I could have reviewed this [complaint]" and "I don't have my notes… calendars, and documents…"); (Doc. 43-1, p. 4) ("I don't have my notes…"); (Doc. 43-1, p. 5) ("I wish I could have had time before you came to really sit down and read this last night…"); (Doc. 43-1, p. 8) ("If I could have prepared yesterday and…if I know you were coming…"); (Doc. 43-1, p. 9) ("I cannot say right off, I probably documented it, and I'd have to look…") (Doc. 43-1, p. 10). The lack of notice is even more prejudicial in this case as Defendant now seeks to use these portions of Turley's deposition in support of a Motion for Summary Judgment. (Doc. 43, pp. 2; 3).

The Court is hesitant to overrule the Magistrate Judge's Order given the litigious nature of this litigant. On more than a few occasions, Turley has filed claims, motions and objections in this District that have been without merit. But calling the notice "reasonable" when such deficient procedures were employed ***and*** where Defendant concedes that it was not received by Turley prior to the deposition is clearly erroneous.

Finally, the error was not harmless. Turley indicated no less than six times that the lack of notice inhibited his ability to provide full and complete answers. The prejudice was solidified when Defendant cited to these same portions as evidence to support her Motion for Summary Judgment.

With no reasonable means of correcting the error, Turley's objection must be sustained. Accordingly, Turley's original deposition will be excluded as evidence in this litigation.[4] To the extent that Defendant wishes to re-depose Turley, she must do so within thirty days from the date of this Order. Turley is instructed to begin preparing for his deposition immediately, as this Order serves as the reasonable notice required by Rule 30(b)(1).[5]

## II. Objection Concerning Plaintiff's Motion to Compel

During discovery, Turley sought to compel various documents from Defendant concerning her performance as a paralegal assistant. Magistrate Judge Wilkerson denied the motion finding that the requested documents were irrelevant to Turley's retaliation claim. Turley objected to the Order on the grounds that Magistrate Judge Wilkerson committed an abuse of discretion when Turley was "restricted from relevant information that coincides with the claim of retaliation he's presented in this case." (Doc. 34, p. 1) (emphasis omitted).

---

[4] This Order does not preclude Defendant from using the deposition for purposes of impeachment or refreshing Plaintiff's recollection.

[5] In addition to the deficient notice procedures utilized by Defendant in this case, the Court is troubled by two additional errors. First, while there is no prejudice to Turley, counsel should have lodged a notice of appearance with this Court before taking action in this case. Second, after Turley filed his motion with the Court, Defendant allowed over ninety days to elapse before filing a response (indeed, it was only after Magistrate Judge Wilkerson provided a reminder that Defendant finally responded.) (Docs. 38; 47; 48). This constellation of errors is unacceptable, and Defendant is advised that every effort must be made to ensure they do not continue.

Contrary to Turley's assertions, the information he seeks is irrelevant to his retaliation claim. Turley's document request appears to be nothing more than a fishing expedition to advance his campaign that Defendant Clendenin is an unqualified paralegal assistant, which is not at issue before this Court. As such, the Court finds that Magistrate Judge Wilkerson's conclusion was not clearly erroneous or contrary to law and Turley's objection (Doc. 34) is overruled.

## Conclusion

For the reasons set forth in part I, Turley's objection to Magistrate Judge Wilkerson's Order (Doc. 54) is **SUSTAINED**. Turley's original deposition will be excluded as evidence in this litigation, subject to the limitations set forth above. To the extent that Defendant wishes to re-depose Turley, she must do so within **thirty days** from the date of this Order. In light of this Order and the additional opportunity to depose Turley, the Motion for Summary Judgment (Doc. 42) is **DENIED** with leave to refile on or before <u>April 24, 2017</u>.

For the reasons set forth in part II, Turley's objection to the Order denying his motion to compel is **OVERRULED**. Finally, Turley's "Motion for Case Status Update" is **DENIED** as moot. (Doc. 56).

IT IS SO ORDERED.

DATED: February 24, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**